USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK MILLER,

                Plaintiff,

-against-

OSCAR GRUSS & SON, INC.,

                Defendant.

24-CV-00239 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

    In December 2023, Plaintiff initiated this action in New York County Supreme Court and moved for summary judgment in lieu of a complaint to enforce a foreign judgment against Defendant. *Frank Miller v. Oscar Gruss & Son, Inc.*, Index No. 656122/2023 (Sup. Ct. N.Y. Cnty.), NYSCEF Doc. No. 2. On January 11, 2024, Defendant removed the action to this District pursuant to the United Nations Convention on the Recognition and Enforcement of Arbitral Awards (the "Convention") and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 205 ("§ 205" or "Section 205"). Dkt. No. 1 ("Notice of Removal"). Before the Court is Plaintiff's motion to remand the case for lack of subject matter jurisdiction and for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Dkt. No. 23. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

I.    **FACTUAL BACKGROUND**

    Defendant Oscar Gruss & Son, Inc. ("Gruss" or "Defendant") is a broker-dealer registered with the Securities and Exchange Commission and incorporated in New York. Dkt.

No. 1-1 ("Motion for Summary Judgment") at 13..[1] In the 1990s, Gruss entered into an agreement with non-party Gluch & Partner GmbH ("Gluch") to help Gruss solicit customers, and Gruss had agreed to pay Gluch 10% of funds deposited by the customers Gluch solicited, as well as a commission for all trades executed on behalf of those customers. *Id.*

Plaintiff Frank Miller ("Miller" or "Plaintiff"), a citizen of Germany, signed certain contract documents with Gluch in February 1998, and, pursuant to those documents, Miller obtained a trading account with Gruss. *See id.* Miller also signed power of attorney to Gruss. *Id.* Around the same time, Miller deposited €2,556.46 into the account, and Gluch "began trading risky options contracts on the account," with each trade yielding "disproportionately exorbitant" commissions shared by Gluch and Gruss, according to Miller; on December 29, 1999, Miller only received back a total of €454.48 of the amount he had deposited. *Id.*

More than five years later, in April 2005, Miller filed suit in Krefeld, Germany against Gruss (and not Gluch, which was then insolvent) for the difference between the deposit and his return, plus interest, alleging that he had been inadequately informed of the risks, including the "up-front fee and commission structure [that] had made it virtually impossible for him to realize a profit on the account, while incentivizing Gluch to undertake as many trades as possible to trigger commissions." *Id.* at 14.

Gruss appeared and defended the action in the Krefeld regional court (the "German court"), and the court issued a judgment on February 22, 2008, finding that Miller was entitled to reimbursement from Gruss for the losses on the account of €2,101.98, plus interest. *Id.* at 14–15. The German court rejected Gruss's defenses, including holding that "[t]he admissibility of the action [was] not precluded by the plea of [an] arbitration agreement." *Id.* at 45 (certified

---

[1] The page numbers of documents referenced herein correspond to the page numbers designated by this District's Electronic Case Filing system.

2

translation of the German court judgment). The German court found, *inter alia*, that the written arbitration agreement at issue did not satisfy the Convention's formal requirements, as it was signed only by Miller, not Gruss, and it was not contained in letters or telegrams exchanged between the parties. *Id.*; *see also id.* at 14 n.1.

## II. PROCEDURAL HISTORY

Nearly 16 years after the German court issued its judgment, on December 6, 2023, Plaintiff filed a motion for summary judgment in lieu of a complaint in New York state court, pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 3213 and 5303, to recognize and convert the German court's judgment into a judgment of the state court. Motion for Summary Judgment at 12. Plaintiff contends that as of November 27, 2023, the German court's judgment, "with interest and costs, total[ed] €4,704.57 (or $5,118.05 based on [a currency conversion]), with an additional €0.4674 per day (or $0.5087 based on [a currency conversion]) to be applied to it until judgment . . . is entered." *Id.* at 15.

On January 11, 2024, Defendant filed a notice of removal of the action to the Southern District of New York pursuant to Chapter 2 of the FAA. *See* Notice of Removal. Defendant argued that the German court's judgment was contrary to the arbitration agreement, which falls under the Convention. *Id.* ¶¶ 2–21. Defendant then asserted that "[i]t does not appear that the Second Circuit has interpreted the scope of removal of state actions pursuant to 9 U.S.C. § 205," and cited to a district court opinion in this District and opinions by the Fifth and Ninth Circuits arguing that § 205 is a broad removal provision. *Id.* ¶ 13.

On January 16, 2024, Plaintiff filed a letter contesting removal of the action to federal court as improper, arguing, *inter alia*, that Defendant had misrepresented the state of the case law in the Second Circuit. Dkt. No. 6. Plaintiff cited primarily to two cases in this District and the

3

Eastern District of New York to support his argument that district courts do not have federal subject matter jurisdiction under the FAA in situations like this, even if the defendant raises an arbitration agreement as a defense to the judgment. *See id.* at 2–3. On January 19, 2024, Defendant filed a letter arguing that removal was proper, and that Defendant was "evaluating Plaintiff's position and [would] confer with counsel on whether removal [was] appropriate and whether the parties [could] consent to an agreed resolution of the issue." Dkt. No. 8 at 3. On February 12, 2024, Defendant filed another letter stating it did not consent to remand. Dkt. No. 22. On February 27, 2024, Plaintiff formally moved to remand the case to state court and for an award of fees and costs incurred in connection with its remand motion pursuant to 28 U.S.C. § 1447(c). Dkt. Nos. 23–24.[2] On March 12, 2024, the case was reassigned to the undersigned, and the matter was subsequently fully briefed.

The parties' only dispute as to the propriety of removal is whether this Court has subject matter jurisdiction over this action pursuant to Chapter 2 of the FAA.

## DISCUSSION

### I.    STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court. *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 209–10 (S.D.N.Y. 2011). Because Defendant removed the case from state court and asserts federal jurisdiction, Defendant has the burden of establishing that removal is proper. *See id.* at 210 (citing *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)).

---

[2] The Court shall refer to the memoranda of law in support of and opposition to the motion to remand as follows: Dkt. No. 24 ("Mot."), Dkt. No. 25 ("Opp."), and Dkr. No. 27 ("Reply").

On a motion for remand, the district court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff, and, out of respect for the limited jurisdiction of federal courts and the rights of states, the court must resolve any doubts against removability." *Albaniabeg Ambient Sh.p.k. v. Enel S.p.A.* ("*Albaniabeg*"), 169 F. Supp. 3d 523, 526 (S.D.N.Y. 2016) (internal references omitted).

## II.    SUBJECT MATTER JURISDICTION

### A.    The Federal Arbitration Act

The Convention "governs the enforcement of arbitral awards stemming from disputes that are 'commercial and . . . not entirely between citizens of the United States.'" *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-05183 (AJN), 2015 WL 5144023, at *4 (S.D.N.Y. Sept. 1, 2015) (citing *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 391 (2d Cir. 2011)). "[T]he goal of the Convention is to promote the enforcement of arbitral agreements in contracts involving international commerce so as to facilitate international business transactions and to unify the standards by which agreements to arbitrate are observed." *Goel*, 823 F. Supp. 2d at 210 (internal marks omitted) (quoting *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999)).

The FAA implements the Convention domestically, *see id.*, and Section 203 of the FAA confers jurisdiction on federal courts for enforcement, providing that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203 ("§ 203" or "Section 203"); *see also Albaniabeg*, 169 F. Supp. 3d at 527.

Section 205 of the FAA permits removal of an action that "relates to" an arbitration or arbitral award under the Convention. *Albaniabeg*, 169 F. Supp. 3d at 527. The section provides, in part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district or division embracing the place where the action or proceeding is pending.

§ 205.

**B.    9 U.S.C. § 205: Removal Jurisdiction**

Defendant asserts in its notice of removal that the action can be removed under Section 205 because this case "relates to" an arbitration agreement under the Convention, which confers broad removal jurisdiction. Notice of Removal ¶¶ 14–17. Defendant argues that "the Second Circuit has [not] interpreted the scope of removal of state actions pursuant to [§ 205]," but the Fifth and Ninth Circuits have "confirmed the broad removal jurisdiction under Chapter 2 of the FAA." *Id.* ¶ 13.

The Second Circuit has held that the FAA does not independently confer subject matter jurisdiction on federal courts, and that "[t]here must be an independent basis of jurisdiction." *Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (internal marks omitted) (quoting *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)). Section 203 confers such federal subject matter jurisdiction over actions to confirm or vacate arbitral awards governed by the Convention. *Id.* Relying on *Scandinavian Reinsurance*, courts in this Circuit look to Section 203 to determine whether they have subject matter jurisdiction under the Convention, and treat removal jurisdiction under Section 205 as distinct from subject matter jurisdiction under Section 203. *See, e.g., Holzer v. Mondadori*, No. 12-CV-05234 (NRB), 2013 WL 1104269, at *6 (S.D.N.Y.

6

Mar. 14, 2013) ("While [the defendant's] initial briefing focused on this Court's removal jurisdiction under section 205 of the FAA, a federal district court must have both removal jurisdiction and subject matter jurisdiction in order to preside over a case removed from state court."); *Albaniabeg*, 169 F. Supp. 3d at 527–28 (collecting cases); *WJ Holding Ltd. v. Shireen Mar. Ltd.*, No. 20-CV-01068 (LDH) (CLP), 2020 WL 7407940, at *7–8 (E.D.N.Y. Nov. 25, 2020), *report and recommendation adopted*, 2020 WL 7404433 (E.D.N.Y. Dec. 17, 2020); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust* ("*Kolel*"), 863 F. Supp. 2d 351, 354 & n.5 (S.D.N.Y. 2012) (recognizing that § 203 provides federal jurisdiction over actions to confirm or vacate an arbitral award governed by the Convention and separately assessing § 205 for removal jurisdiction); *Republic of Kazakhstan v. Chapman*, 585 F. Supp. 3d 597, 603 (S.D.N.Y. 2022); *Goel*, 823 F. Supp. 2d at 210–18.

Defendant's argument that Section 205 alone is sufficient to confer jurisdiction is unsupported and, indeed, is contradicted by the case law. Defendant cites to two Second Circuit cases—*Orange County Water District v. Unocal Corporation*, 584 F.3d 43 (2d Cir. 2009), and *Niagara Mohawk Power Corporation v. Bankers Trust Company of Albany, N.A.*, 791 F.2d 242 (2d Cir. 1986)—and argues that removal statutes may confer subject matter jurisdiction on federal courts. *See* Opp. at 18–19. But in those cases, the Second Circuit was interpreting entirely different removal statutes, not Section 205. *See Orange Cnty. Water Dist.*, 584 F.3d at 50 (involving 28 U.S.C. § 1452(a), the bankruptcy removal statute); *Niagara Mohawk Power Corp.*, 791 F.2d at 244 (involving 28 U.S.C. § 1442(a), the federal officer removal statute). In fact, in *Orange County Water District*, the court made clear that removal statutes are *not* the source of subject matter jurisdiction except in some limited circumstances; the court interpreted a

7

bankruptcy removal statute and held that the statute did not confer subject matter jurisdiction. 584 F.3d at 49–50.

Defendant also cites to *Banco De Santander Central Hispanico, S.A. v. Consalvi International, Inc.* ("*Banco*"), 425 F. Supp. 2d 421 (S.D.N.Y. 2006), in which the plaintiff sought to vacate an arbitration award in New York state court, and the defendant removed the action and filed a cross-petition to confirm the award (circumstances under which Section 203 would confer jurisdiction, as set out above). *See* Opp. at 19; *Banco*, 425 F. Supp. 2d at 423. *Banco* was decided before *Scandinavian Reinsurance* and focused on removal jurisdiction under Section 205. *See* 425 F. Supp. 2d at 426–33. Even so, Judge Crotty in *Banco* recognized that the FAA "contains both a statutory grant of subject matter jurisdiction—9 U.S.C. § 203—and statutory grant of removal jurisdiction [at Section 205]." *Id.* at 432. In any event, subsequent cases have confirmed that, after *Scandinavian Reinsurance*, "to the extent [*Banco*] suggests that Section 205 [confers] subject matter jurisdiction, this Court concludes that it is no longer good law." *Albaniabeg*, 169 F. Supp. 3d at 528.[3]

---

[3] Defendant also cites extensively to *Schorr v. American Arbitration Association*, in which the court acknowledged a distinction between Section 203 and Section 205. *See generally* Opp. *Schorr* involved an action against the American Arbitration Association for administratively terminating an arbitration before completion. 583 F. Supp. 3d 608, 613 (S.D.N.Y. 2022). In that case, Judge Engelmayer found that the parties' dispute as to whether Section 205 conferred federal jurisdiction was "academic" because Section 203 conferred jurisdiction. *Id.* at 616.

Judge Engelmayer noted in a footnote that *Banco* had held that Section 205 can independently confer subject matter jurisdiction, but the court did not have occasion to address whether, if *Banco* did in fact hold as such, this was still good law. *Id.* at 616 n.3. Some courts, on the other hand, seem to confine *Banco* to an interpretation of removal jurisdiction. *See Kolel*, 863 F. Supp. 2d at 355.

In *Schorr*, Judge Engelmayer also noted that the plaintiff had cited to a line of cases, including *Albaniabeg*, "terming Section 205 not a freestanding source of federal jurisdiction, but merely a vehicle permitting the removal of cases as to which there is subject matter jurisdiction under Section 203." 583 F. Supp. 3d at 616. Judge Engelmayer conducted both an analysis of subject matter jurisdiction under Section 203 and a separate analysis of removal jurisdiction under Section 205. *Id.* at 617–21.

In *Republic of Kazakhstan*, Judge Koeltl explained succinctly why the argument that Section 205 confers subject matter jurisdiction was mistaken: "The plain language of the statute suggests that § 205 does no more than authorize removal[,]" and this is evident when contrasting the provision with Section 203. 585 F. Supp. 3d at 604. This conclusion is "especially compelling in light of the distinction between subject matter jurisdiction and removal jurisdiction that appears elsewhere in the United States Code," and is "consistent with the weight of the authority on this issue in the Second Circuit." *Id.*

As such, Section 203—and not Section 205, a removal statute—governs whether this Court has subject matter jurisdiction over this action.

C.   **9 U.S.C. § 203: Subject Matter Jurisdiction**

Turning to Section 203, Defendant appears to argue that courts in this Circuit apply a flexible approach to jurisdiction under Section 203, *see* Opp. at 1–2, and that this Court has subject matter jurisdiction under a "plain reading of 9 U.S.C. § 201 *et seq.*" *Id.* at 9–13, 16–18. But, again, this argument cannot be squared with Second Circuit precedent, which has interpreted Section 203 narrowly, limited to actions to compel, confirm, or vacate an arbitral award, as well as some other limited measures in aid of arbitration.

As explained above, in *Scandinavian Reinsurance*, the Second Circuit noted that Section 203 provides federal subject matter jurisdiction over actions to confirm or vacate arbitral awards governed by the Convention. 668 F.3d at 71. While it is true that the court in *Scandinavian Reinsurance* was not called on to "articulate all the metes and bounds of Section 203[,]" Opp. at 15, the Second Circuit has subsequently reiterated the limited scope of jurisdiction under Section 203. *See Bakoss v. Certain Underwriters at Lloyds of London Issuing Certificate No. 0510135*, 707 F.3d 140, 142 n.4 (2d Cir. 2013) ("The FAA does not independently confer subject-matter

9

jurisdiction on the federal courts but 'provides federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the [Convention].'") (quoting *Scandinavian Reinsurance*, 668 F.3d at 71). The Second Circuit has also recognized limited other circumstances in which Section 203 confers jurisdiction, none of which are applicable here, such as to protect a district court's prior judgments by staying incompatible arbitral proceedings otherwise governed by the Convention or entertaining a preliminary injunction application in aid of arbitration. *See, e.g.*, *Republic of Ecuador*, 638 F.3d at 391 n.6; *Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 826 (2d Cir. 1990).

District courts in this Circuit have likewise interpreted Section 203 narrowly. *See, e.g.*, *Albaniabeg*, 169 F. Supp. 3d at 528–29 (collecting cases); *WJ Holding Ltd.*, 2020 WL 7407940, at *7; *Unicorn Bulk Traders Ltd. v. Fortune Maritime Enters., Inc.*, No. 08-CV-09710 (PGG), 2009 WL 125751, at *3–4 (S.D.N.Y. Jan. 20, 2009); *Kolel*, 863 F. Supp. 2d at 356 n.9; *Republic of Kazakhstan*, 585 F. Supp. 3d at 605 ("The Court of Appeals for the Second Circuit has suggested that § 203 is a relatively narrow jurisdictional grant, limited to compelling arbitration or to enforcing an arbitral award. Although subsequent cases have construed § 203 somewhat more broadly, these expansions have remained tightly intertwined with the arbitration proceedings or awards.") (internal references omitted); *Goel*, 823 F. Supp. 2d at 217 ("[N]o court has concluded that the broadening of jurisdiction [under § 203] governs the situation currently held before this Court."); *Holzer*, 2013 WL 1104269, at *6.

In this case, Plaintiff does not seek to confirm or vacate an arbitral award, compel arbitration, stay or enjoin arbitral proceedings, or obtain relief in aid of arbitration. Instead, Plaintiff seeks to enforce a foreign judgment, which includes a finding by the German court that the dispute was not subject to arbitration at all. These circumstances are far afield from those in

which the Second Circuit has held that Section 203 confers subject matter jurisdiction, and quite similar to those in *Albaniabeg*. The *Albaniabeg* plaintiff brought an action in New York state court, moving for summary judgment in lieu of complaint, to enforce a judgment of the Tirana District Court in Albania. *See* 169 F. Supp. 3d at 525. The defendants removed the action to the Southern District of New York pursuant to the Convention, arguing in part that the Albanian judgment was obtained in violation of an arbitration clause between one of the defendants and a company that wholly owned the plaintiff and in conflict with a separate arbitration award. *See id.* Noting that the Second Circuit's narrow interpretation of Section 203, Judge Gardephe found that "an action to enforce a foreign court's judgment is not converted to 'an action or proceeding under the Convention' merely because a defendant raises—as a defense in the enforcement action—a prior arbitration award or an agreement to arbitrate." *Id.* at 529;[4] *see also WJ Holding Ltd.*, 2020 WL 7407940, at *2–8 (finding no subject matter jurisdiction over a removed action seeking declaratory and injunctive relief, despite defendants' assertion of defenses of collateral estoppel and res judicata based on a prior arbitral award).

So, too, here: Although Defendant may wish to assert the arbitration agreement as a defense to the enforcement of the foreign judgment, that is insufficient to confer subject matter jurisdiction under Section 203. Defendant cites to no cases in this Circuit that have found subject matter jurisdiction under circumstances similar to this one, and the cases it does cite do not support jurisdiction here. Defendant's attempts to distinguish *Albaniabeg* and *WJ Holding Ltd.* are similarly unavailing. *See* Opp. at 13–15. Defendant asserts that, unlike those cases, the Convention is "*directly* at issue" in this case because Plaintiff refers to the Convention in its motion for summary judgment in lieu of a complaint and because the foreign judgment at issue

---

[4] Defendant argues in a footnote in its brief that *Albaniabeg* "mistakenly interprets Second Circuit case law[,]" but fails to explain this further. *See* Opp. at 8 n.4.

11

"expressly applies the [Convention]." *Id.* at 14 (emphasis in original). But Defendant does not explain how this bears on jurisdiction under Section 203, other than noting that Plaintiff "made the [Convention] part of this case." *Id.* at 13. This case is still in all material respects similar to *Albaniabeg*, and the same conclusion is warranted: This Court lacks subject matter jurisdiction to hear this dispute.

III.    ATTORNEY'S FEES AND COSTS

Plaintiff also asks the Court to award him attorney's fees and costs that he incurred in moving to remand this case, pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The test for awarding fees under Section 1447(c) "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. The court also "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141.

This Court declines to award attorney's fees and costs this case. Although the Court has ultimately determined that removal was improper, the interplay between Section 203 and Section 205 is complex, there is no Second Circuit law directly addressing the circumstances of this case, the arguments made by Defendant's counsel were "objectively reasonable," and there is no

12

evidence that Defendant sought removal in bad faith or solely for the purpose of delay. *See, e.g., Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) ("[I]f clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorney's fees, and district court decisions . . . do not render the law clearly established.") (internal references omitted).

## CONCLUSION

For the foregoing reasons, the motion is GRANTED IN PART and DENIED IN PART. Plaintiff's application for attorney's fees and costs is denied. The Clerk of Court is directed to remand this action to the New York County Supreme Court, terminate Dkt. No. 23, and close the case in this Court.

Dated: June 23, 2025
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge